Curia, per Johnson, Chancellor.
This is a bill for an account and distribution of the estate of the defendant’s intestate. In the progress of the cause an order was obtained, requiring creditors of the estate to come in and establish their demands before the commissioner of the court, preparatory to the final settlement and partition of the estate. Under this order, several creditors, some of whom were represented by one solicitor, and the rest by another, came in and proved their demands. To the commissioner’s report on these demands, general exceptions were filed, and were common to the claims of all the creditors. The question submitted in the grounds of the appeal is, whether the solicitors of the creditors, who prevailed on the exceptions, are entitled to tax their costs for attendance on reference and exceptions to the report, for the exceptions in the case of each creditor, or for one reference and exceptions on all the case.
The act of 1827, out of which this question arises provides that the solicitors shall be entitled for “ each day’s attendance on reference before the commissioner five dollars — exception to the commissioner’s report, five dollars.” I am not aware in what way I can better illustrate that the demand of each creditor is a separate and independent suit, although the complainants are the same, than by stating the obvious circumstances that the creditors have no interest in common — that their demands must necessarily be *299 established by independent evidence, and consequently that there is no necessary identity on the questions of law which may arise. They are, then, to all intents and purposes different cases — and in the terms of the act, the solicitor is entitled to the fee allowed for attendance on reference, in each case, for every day’s necessary attendance.
On the other branch of the question, I am equally clear that the solicitors áre entitled to tax their costs for only one set of exceptions, if as represented, they are common to all the cases.
The fees allowed by law were intended as a remuneration to the officers of the court for services actually rendered, and not for those which exist in imagination alone.- It is true, that they are often very inadequate, but the court have no authority to establish new, or enlarge the old. The fee allowed is for “ exceptions to the commissioners report.” -Entitling the exceptions in the name of all the creditors does not make them separate exceptions in each case, nor does, it impose more labor on the solicitor except the writing of the name of the creditor. The labor of drafting the exceptions, and of arguing them before the commissioner; and on an appeal to the court, are precisely the same as if one set of exceptions had been filed. Nor would the case be varied if the solictor had filed separate exceptions, if the grounds were the same in all, because it would be unnecessary, as the determination in one case would conclude all, and costs ought not unnecessarily to be increased; but,if on the .other hand, different and independent exceptions, at the instance of different parties, were necessarily filed, I am equally clear, that the solicitor would be entitled to tax his costs on each, for the same reason that he would be entitled to tax > his costs for attendance on reference — and I think, too, that when the creditors are represented by different solicitors, each would be entitled to their costs if they performed the services indicated by the act, for each creditor has the right to be heard by counsel of his own selection.
It is therefore ordered, that the order of the circuit court be reformed, and that the case be remanded to the commissioner to tax the costs according to the principles of this decree.
J. Johnston and Dunkin, Chancellors, concurred.